# Exhibit "A"

Electronically FILED by Superior Court of California, County of Los Angeles on 12/27/2022 04:49 PM Sherri R. Carter, Executive Officer/Clerk of Court, by J. Gonzalez, Deputy Clerk
22PSCV03084
Assigned for all purposes to: Pomona Courthouse South, Judicial Officer: Peter Hernandez

1  FRANCISCO A. SUAREZ (SBN 135479)
2  HECTOR BROLO (SBN 339259)
   **LAW OFFICES OF FRANCISCO A. SUAREZ**
3  140 W. Foothill Blvd. Suite B-1,
   Claremont, CA 91711
4  Telephone: (909) 469-5111
5  Email: fas@faslawgroup.com

6  Christian Contreras, Esq. (SBN 330269)
7  **THE LAW OFFICES OF CHRISTIAN CONTRERAS**
   PROFESSIONAL LAW CORPORATION
8  360 E. 2nd St., 8th Floor
   Los Angeles, California 90012
9  Telephone: (323) 435-8000;Facsimile: (323) 597-0101
   Email: CC@Contreras-Law.com
10
   Attorney for Plaintiffs,
11 ROBERT SERRANO III, et al.

12            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
13
14                        **COUNTY OF LOS ANGELES**

15 ROBERT SERRANO III, an individual,        ) **CASE NO.:** 22PSCV03084
   AMADO F. SUAREZ, an individual,           )
16 JOSE LUIS JUAREZ, and an individual,      ) **COMPLAINT FOR DAMAGES:**
17        Plaintiffs,                         )  1. Assault & Battery;
18                                            )  2. Negligence;
   v.                                         )  3. Negligent Hiring, Supervision, &
19                                            )     Retention;
   POLICE CHIEF MICHAEL ELLIS, in his        )  4. Violation of the Tom Bane Act,
20 individual and official capacity, CITY OF  )     (Civil Code § 52.1);
   POMONA, a municipal entity; POMONA        )  5. Violation of the Ralph Act Act,
21 POLICE OFFICER GARRET M. DULONG;          )     (Civil Code § 51.7);
   and DOES 1 through 25, inclusive,         )  6. Unreasonable & Excessive Force, (42
22                                            )     USC § 1983);
23        Defendants,                         )  7. Deprivation of Substantive Due
                                              )     Process (42 USC § 1983);
24                                            )  8. Municipal Liability Based on
                                              )     Unconstitutional Policy/Custom (42
25                                            )     USC § 1983);
                                              )  9. Municipal Liability Based on
26 _____       )     Failure to Train (42 USC § 1983);
                                                 10. Municipal Liability Based on
27                                                  Ratification (42 USC § 1983)
28                                            **DEMAND FOR JURY TRIAL**

                                    1

1  FRANCISCO A. SUAREZ (SBN 135479)
2  HECTOR BROLO (SBN 339259)
   **LAW OFFICES OF FRANCISCO A. SUAREZ**
3  140 W. Foothill Blvd. Suite B-1,
   Claremont, CA 91711
4  Telephone: (909) 469-5111
5  Email: fas@faslawgroup.com

6  Christian Contreras, Esq. (SBN 330269)
   **THE LAW OFFICES OF CHRISTIAN CONTRERAS**
7  **PROFESSIONAL LAW CORPORATION**
   360 E. 2nd St., 8th Floor
8  Los Angeles, California 90012
9  Telephone: (323) 435-8000;Facsimile: (323) 597-0101
   Email: CC@Contreras-Law.com
10
   Attorney for Plaintiffs,
11 ROBERT SERRANO III, et al.

12            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

13                       **COUNTY OF LOS ANGELES**

14

15 ROBERT SERRANO III, an individual,   ) **CASE NO.:**
   AMADO F. SUAREZ, an individual,      )
16 JOSE LUIS JUAREZ, and an individual, ) **COMPLAINT FOR DAMAGES:**
                                        )
17      Plaintiffs,                     ) 1. Assault & Battery;
                                        ) 2. Negligence;
18      v.                              ) 3. Negligent Hiring, Supervision, &
                                        )    Retention;
19                                      ) 4. Violation of the Tom Bane Act,
   POLICE CHIEF MICHAEL ELLIS, in his  )    (Civil Code § 52.1);
20 individual and official capacity, CITY OF ) 5. Violation of the Ralph Act Act,
   POMONA, a municipal entity; POMONA   )    (Civil Code § 51.7);
21 POLICE OFFICER GARRET M. DULONG;)    6. Unreasonable & Excessive Force, (42
   and DOES 1 through 25, inclusive,    )    USC § 1983);
22                                      ) 7. Deprivation of Substantive Due
23      Defendants,                     )    Process (42 USC § 1983);
                                        ) 8. Municipal Liability Based on
24                                      )    Unconstitutional Policy/Custom (42
                                        )    USC § 1983);
25                                      ) 9. Municipal Liability Based on
                                        )    Failure to Train (42 USC § 1983);
26 ─────────────────────────────────── ) 10. Municipal Liability Based on
                                           Ratification (42 USC § 1983)
27

28                                         **DEMAND FOR JURY TRIAL**

                                    1

1

## INTRODUCTION

2      1.     This is a civil rights action seeking monetary relief against CITY OF
3  POMONA (hereinafter sometimes "CITY"), POLICE CHIEF MICHAEL ELLIS
4  (hereinafter sometimes "ELLIS"), POMONA POLICE OFFICER GARRET M. DULONG
5  (hereinafter sometimes "DULONG") and DOE POMONA police officers for engaging in
6  violations of the Fourth Amendment, Fourteenth Amendment, California State law, and
7  California's civil rights statutes by systematically engaging in excessive force against
8  Pomona residents, including Plaintiffs herein.

9      2.     In committing such civil rights violations, CITY and its conspirator
10 defendants, are targeting, whether directly or indirectly, Latinos and people of low means
11 who face debilitating consequences based upon CITY's capricious policies and arbitrary
12 actions against such individuals.

13     3.     By this Complaint, Plaintiffs seek judicial redress for violations of their civil
14 rights due to unreasonable seizures under the Fourth Amendment of the United States
15 Constitution.

16     4.     Accordingly, judicial intervention is imperative in this matter to end
17 Defendants' illegal practices which have, and continue to, impact the lives of many.

18

## PARTIES

19     5.     Plaintiff ROBERT SERRANO III, is a natural person, who, at all times
20 complained of in this action, resided in the State of California.

21     6.     Plaintiff AMADO F. SUAREZ, is a natural person, who, at all times
22 complained of in this action, resided in the State of California.

23     7.     Plaintiff JOSE LUIS JUAREZ, is a natural person, who, at all times
24 complained of in this action, resided in the State of California.

25     8.     At all relevant times, Defendant ELLIS served as the department head of the
26 Pomona Police Department of the defendant CITY.

27     9.     Defendant CITY OF POMONA, is a municipal entity located in the State of
28 California; within the territorial jurisdiction of this court.

PLAINTIFFS' COMPLAINT FOR DAMAGES

10.    Defendant POMONA POLICE OFFICER GARRET M. DULONG is, and at all times complained of herein, was, a City of Pomona Department Officer, acting as an individual person under the color of state law, in his individual capacity and was acting during and within the scope of his employment with defendant CITY.

11.    Defendant DOE 1, hereinafter also referred to as Defendant Doe 1", is, and at all times complained of herein, was, a City of Pomona Police Officer, acting as an individual person under the color of state law, in his individual capacity and was acting in the course of and within the scope of his employment with Defendant CITY. Defendant Doe 2, hereinafter also referred to as Defendant Doe 2, is, and at all times complained of herein, was, acting as an individual person under the color of state law, as he conspired with state officials to deprive Plaintiff of Constitutionally protected rights. Defendants DOES 3 through 6, inclusive, are sworn peace officers and / or police officers and/or investigators and/or Special Officers and/or a dispatchers and/or some other public officer, public official or employee of defendant CITY and/or otherwise employed by the Pomona Police Department, who in some way committed some or all of the tortious actions (and constitutional violations) complained of in this action, and/or are otherwise responsible for and liable to plaintiffs for the acts complained of in this action, whose identities are, and remain unknown to plaintiff, who will amend his complaint to add and to show the actual names of said DOE defendants when ascertained by plaintiff.

12.    At all times complained of herein, DOES 3 through 6, inclusive, were acting as individual persons acting under the color of state law, pursuant to their authority as sworn peace officers and/or police officers and/or Special Officers and/or Supervisors (i.e. Sergeants, Lieutenants, Captains, Commanders, etc.) and/or dispatchers, employed by the Pomona Police Department, and were acting in the course of and within the scope of their employment with defendant CITY. Defendants DOES 7 through 10, inclusive, are sworn peace officers and/or the Chief and/or Assistant Chiefs and/or Commanders and/or Captains and/or Lieutenants and/or Sergeants and/or other Supervisory personnel and/or policy making and/or final policy making officials, employed by the Pomona Police Department

and/or defendant City of Pomona, who are in some substantial way liable and responsible for, or otherwise proximately caused and/or contributed to the occurrences complained of by plaintiff in this action, such as via supervisory liability (i.e. failure to properly supervise, improperly directing subordinate officers, approving actions of subordinate officers), via bystander liability (failing to intervene in and stop unlawful actions of their subordinates and/or other officers), and such as by creating and/or causing the creation of and/or contributing to the creation of the policies and/or practices and/or customs and/or usages of the Pomona Police Department for, inter alia,: 1) for unlawfully seizing persons; 2) for using excessive force on persons; 3) fabricating evidence and 6) covering up tortious conduct by Pomona Police Department Officers.

13.    At all times complained of herein, DOES 7 through 10, inclusive, were acting as individual persons acting under the color of state law, pursuant to their authority as the Chief and/or the Assistant Chief and/or Captains and/or Lieutenants and/or Sergeants and/or other Supervisory personnel and/or policy making and/or final policy making officials with the Pomona Police Department, and/or some other public official(s) with defendant CITY, and were acting in the course of and within the scope of their employment with defendant CITY.  At all times complained of herein, defendants DOES 7 through 10, inclusive, were acting as individual persons under the color of state law; under and pursuant to their status and authority as peace officers and/or Supervisory peace officers (as described herein, above and below), and/or policy making peace officers, with the Pomona Police Department and/or otherwise with defendant CITY .

14.    Plaintiffs are presently unaware of the identities of DOES 3 through 10, inclusive, and will amend his complaint to add and to show the actual names of said DOE defendants, when made known to plaintiffs.

15.    In addition to the above and foregoing, Defendant Does 1, and Defendant 2, and DOES 3 through 6, inclusive, acted pursuant to a conspiracy, agreement and understanding and common plan and scheme to deprive the plaintiff of their federal Constitutional and statutory rights, and California constitutional and statutory state law

4

PLAINTIFFS' COMPLAINT FOR DAMAGES

rights, as complained of in this action.

16.     Defendants and DOES 4 through 6, inclusive, acted in joint and concerted action to so deprive the plaintiffs of those rights as complained of herein; all in violation of 42 U.S.C. § 1983, and otherwise in violation of United States (Constitutional and statutory) law and California (Constitutional and statutory) state law.

17.     Said conspiracy / agreement / understanding / plan / scheme / joint action / concerted action, above referenced, was a proximate cause of the violation of the plaintiffs' federal and state constitutional and statutory rights, as complained of herein

## JURISDICTION & VENUE

18.     This action is properly filed in Los Angeles County Superior Court, unlimited, as it is a civil case that seeks remedies under state law for injuries suffered by Plaintiff in the City of Pomona, County of Los Angeles, State of California, which exceed $25,000.00.

19.     Personal jurisdiction and venue are proper in this Court because all incidents, events, and occurrences giving rise to this action occurred in, the city of Pomona , State of California.

20.     Plaintiffs timely filed a government claim for damages with the Defendant CITY. The claim was rejected by operation of law and this action is timely filed within the rejection of the government claim.

## FACTUAL ALLEGATIONS

21.     On May 22, 2021, ROBERT SERRANO III was walking across the street. Defendant DULONG noticed ROBERT SERRANO III across the street in a crosswalk westbound on Third Street in the City of Pomona.

22.     Upon information and belief, when SERRANO was crossing Third Street, there was no report of a crime, there was no ongoing crime, and SERRANO was not evading arrest. Indeed, upon information and belief, there was no reasonable suspicion or probable cause leading any reasonable officer to believe that SERRANO was engaged in any criminal activity.

///

PLAINTIFFS' COMPLAINT FOR DAMAGES

23. Once SERRANO crossed the street, Defendant DULONG contacted SERRANO without probable cause or reasonable suspicion and demanded SERRANO put his arms behind his (SERRANO's) back.

24. Plaintiff SERRANO asked why was he being detained and was then abruptly knocked down to the ground and handcuffed.

25. When Defendant DULONG physically knocked down SERRANO, SERRANO was not a threat to the officer or doing anything which prompted DULONG to use force on SERRANO.

26. Thereafter, Plaintiff SERRANO was then arrested, released and cited for a violation of Penal Code § 148(a)(1) and Penal Code § 602(L).

27. On the same day in the same location Plaintiff JOSE LUIS JUAREZ was walking on or around Third Street in the City of Pomona when a security guard approached JUAREZ and accused him of urinating. However, Plaintiff JUAREZ responded explaining he was adjusting his belt.

28. Subsequently, a Pomona Police, Officer Doe 1, ran up and tackled Plaintiff JUAREZ to the ground. Defendant Officer Doe 1 grabbed Plaintiff JUAREZ and demanded Plaintiff JUAREZ give him his arm. Defendant Officer Doe 1 then continued to pull on Plaintiff JUAREZ's arm until Juarez heard a distinct and loud "pop." Subsequently, instead pf providing medical aid and ceasing the use of excessive force, another officer, Pomona Police Officer Doe 2 aided the Pomona Police Officer Doe 1 in handcuffing Plaintiff JUAREZ.

29. Plaintiff JUAREZ was then taken to the hospital and later to jail.

30. Finally, Plaintiff AMADO F. SUAREZ was also at the location on Third Street in the City of Pomona when he was watching Plaintiff SERRANO being accosted when Plaintiff SUAREZ was told to put his arms up. As Plaintiff SUAREZ took a step to walk away, he was shot by Doe Pomona Police Officer 3 who shot Plaintiff SUAREZ with a taser gun causing Plaintiff SUAREZ to fall to the ground in pain. Plaintiff AMADO F. SUAREZ was not evading arrest, was not engaging in any conduct which was threatening

1  to the officers and certainly not engaging in any conduct causing Doe Pomona Police

2  Officer to use excessive force on him. SUAREZ was later taken to the hospital, and then

3  was later taken to jail.

### FIRST CAUSE OF ACTION

## FOR ASSAULT & BATTERY

**(By Plaintiffs Against All Defendants save ELLIS)**

7  31.    Plaintiffs incorporate by reference each of the foregoing paragraphs of this

8  Complaint with the same force and effect as if fully set forth herein.

9  32.    The present cause of action is brought pursuant to Sections 820 and 815.2 of

10  the California Government Code. Under Section 820 of the Government Code, as public

11  employees, the individual Defendants are liable for injuries caused by their acts or

12  omissions to the same extent as private persons. Under Section 815.2 of the Government

13  Code, as a public entity, the Defendant CITY is liable for the injuries caused by the acts or

14  omissions of its employees when committed in the course and scope of their employment.

15  33.    Plaintiffs SERRANO, JUAREZ, and SUAREZ claim that Defendants

16  DULONG and DOES Officers 1-3 committed a battery against them, for which the CITY

17  is vicariously liable.

18  34.    DULONG and DOES Officers 1-3 made intentional contact with the person

19  of SERRANO, JUAREZ, and SUAREZ when they intentionally and violently used force

20  on SERRANO, JUAREZ, and SUAREZ.

21  35.    SERRANO, JUAREZ, and SUAREZ did not consent to, nor was there any

22  legal justification for, DULONG and DOES Officers 1-3 touching of Plaintiffs' person.

23  36.    As a result of the use of force by DULONG and DOES Officers 1-3,

24  SERRANO, JUAREZ, and SUAREZ were injured and has suffered and continues to suffer

25  severe physical pain and emotional distress.

26  37.    As peace officers, DULONG and DOES Officers 1-3 have a duty to protect

27  and serve the public. Instead, the willful and conscious disregard of the rights and safety of

28  SERRANO, JUAREZ, and SUAREZ subjecting them to cruel and unjust hardship.

38.     Accordingly, DULONG and DOES Officers 1-3's despicable conduct constitutes a malicious and oppressive conduct, for which SERRANO, JUAREZ, and SUAREZ are entitled to recover punitive damages, in addition to compensation for their physical and emotional pain and suffering, to make an example of his despicable conduct.

## SECOND CAUSE OF ACTION

### FOR NEGLIGENCE

#### (By Plaintiffs Against All Defendants save ELLIS)

39.     Plaintiffs incorporate by reference each of the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

40.     The present cause of action is brought pursuant to Sections 820 and 815.2 of the California Government Code. Under Section 820 of the Government Code, as public employees, the individual Defendants are liable for injuries caused by their acts or omissions to the same extent as private persons. Under Section 815.2 of the Government Code, as a public entity, the Defendant CITY is liable for the injuries caused by the acts or omissions of its employees when committed in the course and scope of their employment.

41.     Plaintiff SERRANO, JUAREZ, and SUAREZ claims that they were harmed by the negligence of Defendants DULONG and DOES Officers 1-3, for which the CITY is vicariously liable.

42.     As peace officers, Defendants DULONG and DOES Officers 1-3 have a duty to protect and serve the public and clearly, have a duty to SERRANO, JUAREZ, and SUAREZ.

43.     Defendants DULONG and DOES Officers 1-3 breached that duty when they baselessly attacked SERRANO, JUAREZ, and SUAREZ who were unarmed and not presenting a threat to the safety of anyone.

44.     As a result of the negligence by DULONG and DOES Officers 1-3, SERRANO, JUAREZ, and SUAREZ were injured and has suffered and continues to suffer severe physical pain and emotional distress.

45.     As peace officers, DULONG and DOES Officers 1-3 have a duty to protect

PLAINTIFFS' COMPLAINT FOR DAMAGES

1  and serve the public. Instead, the willful and conscious disregard of the rights and safety of

2  SERRANO, JUAREZ, and SUAREZ subjecting them to cruel and unjust hardship.

3      46.    Accordingly, DULONG and DOES Officers 1-3's despicable conduct

4  constitutes a malicious and oppressive conduct, for which SERRANO, JUAREZ, and

5  SUAREZ are entitled to recover punitive damages, in addition to compensation for their

6  physical and emotional pain and suffering, to make an example of his despicable conduct.

7  **THIRD CAUSE OF ACTION**

8  **FOR NEGLIGENT HIRING, SUPERVISION, & RETENTION**

9  **(By Plaintiffs Against Defendant CHIEF ELLIS)**

10      47.    Plaintiffs incorporate by reference each of the foregoing paragraphs of this

11  Complaint with the same force and effect as if fully set forth herein.

12      48.    Plaintiffs are informed and believe, and thereon allege, that at all times

13  mentioned herein, Defendants DULONG and DOES Officers 1-3, were acting within the

14  course and scope of their employment with their employer Defendant CITY.

15      49.    At all relevant times, Defendant CHIEF ELLIS was the Chief of Police for

16  the Pomona Police Department.

17      50.    At all times herein, Defendant CHIEF ELLIS, owed a duty of care to Plaintiffs

18  and members of public in the hiring, retention, supervision and training of their agents,

19  employees, servants, and/or independent contractors, including Defendants DULONG and

20  DOES Officers 1-3.

21      51.    Defendant CHIEF ELLIS, failed to act reasonably in the hiring, retention,

22  supervision and training of their agents, employees, servants, and/or independent

23  contractors, including Defendants DULONG and DOES Officers 1-3 thereby breaching his

24  duty to hire, retain, supervise and train the individual defendant peace officers.

25      52.    Plaintiffs are informed and believe, and thereon allege, that in doing the acts

26  as heretofore alleged, Defendant CHIEF ELLIS, knew, or in the exercise of reasonable

27  diligence should have known, that Defendants DULONG and DOES Officers 1-3 were

28  incompetent and unfit to perform the duties for which they were employed, and that an

9

1    undue risk to persons such as Plaintiffs would exist because of the employment.

2    53.    Specifically, Plaintiffs SERRANO, JUAREZ, and SUAREZ are informed
3    and believe, and thereon allege, that Defendant CHIEF ELLIS, knew that DULONG and
4    DOES Officers 1-3 lacked the proper training and fitness in the use of force, implementation
5    of proper tactics, used negligent tactics when contacting members of the public, and were
6    unfit to perform their duties as peace officers as alleged herein in this complaint.

7    54.    Plaintiffs are informed and believe, and thereon allege, that despite this
8    advanced knowledge, Defendant CHIEF ELLIS hired and retained DULONG and DOES
9    Officers 1-3 as an employees, and failed to properly supervise and manage this risk of such
10   employees.

11   55.    As a direct and proximate result of the conduct of Defendant CHIEF ELLIS,
12   Plaintiffs were subjected to excessive force and caused to suffer severe injuries.

13   56.    All of the above acts and omissions of Defendant CHIEF ELLIS were willful,
14   wanton, malicious, and oppressive thereby justifying the awarding of exemplary and
15   punitive damages to Plaintiffs as to said defendants. Therefore, the conduct of Defendant
16   CHIEF ELLIS also amounted to a malicious and/or oppressive breach of duty under Cal.
17   Civ. Code § 3294 necessary to punish and make an example of their despicable conduct.

18                           **FOURTH CAUSE OF ACTION**
19         **FOR VIOLATION OF THE TOM BANE ACT (Civil Code § 52.1)**
20             **(By Plaintiffs Against All Defendants Save CHIEF ELLIS)**

21   57.    Plaintiffs incorporate by reference each of the foregoing paragraphs of this
22   Complaint with the same force and effect as if fully set forth herein.

23   58.    The present cause of action is brought pursuant to Section 52.1 of the
24   California Civil Code and Sections 820 and 815.2 of the California Government Code.
25   Under Section 820 of the Government Code, as public employees, the individual
26   Defendants are liable for injuries caused by their acts or omissions to the same extent as
27   private persons. Under Section 815.2 of the Government Code, as a public entity, the
28   Defendant CITY is liable for the injuries caused by the acts or omissions of its employees

when committed in the course and scope of their employment.

59.     Plaintiffs are informed, believe, and thereon allege that at all times relevant and mentioned herein, Defendants DULONG and DOES Officers 1-3 specifically intended to interfere, by threat, intimidation, and/or coercion, with the exercise and enjoyment by Plaintiffs SERRANO, JUAREZ, and SUAREZ of their civil rights secured by the California Constitution and laws of the State of California, including, but not limited to, interference with his rights to be secure in his person and free from the use of excessive force, unreasonable harassment or detention without reasonable suspicion and probable cause, and the right of protection from bodily restraint and harm.

60.     At the very least, Plaintiffs SERRANO, JUAREZ, and SUAREZ are informed, believe, and thereon allege that at all times relevant and mentioned herein, Defendants DULONG and DOES Officers 1-3 attempted to specifically interfere, by threat, intimidation, and/or coercion, with the exercise and enjoyment by Plaintiffs of the aforementioned civil rights guaranteed to him by laws and Constitution of the State of California.

61.     California Civil Code § 52.1(b) authorizes a private right of action for damages to any person whose constitutional rights are violated by use of threats, intimidation, or coercion. Importantly, "a successful claim for excessive force under the Fourth Amendment provides the basis for a successful claim under § 52.1." *Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1105-06 (9th Cir. 2014); citing *Cameron v. Craig*, 713 F.3d 1012, 1022 (9th Cir.2013) ("[T]he elements of the excessive force claim under § 52.1 are the same as under § 1983."); *Bender v. Cnty. of L.A.*, 217 Cal.App.4th 968, 976 (2013) ("an unlawful [seizure]—when accompanied by unnecessary, deliberate, and excessive force—is [] within the protection of the Bane Act").

62.     Defendants DULONG and DOES Officers 1-3  made threats of violence against Plaintiffs causing them to reasonably believe that they would commit violence against them if Plaintiffs exercised the rights guaranteed to them by the Constitution of the State of California, and under Civil Code § 52.1, including, but not limited to, their right to

11

PLAINTIFFS' COMPLAINT FOR DAMAGES

1  be secure in his persons, free from the use of excessive force, protected from bodily restraint

2  and harm, free from unreasonable harassment or detention without reasonable suspicion and

3  probable cause, and his rights to due process and equal protection. Furthermore, DULONG

4  and DOES Officers 1-3, and each of them, had the apparent ability to carry out these threats.

5       63.    Additionally, DULONG and DOES Officers 1-3 also acted violently against

6  Plaintiffs for the purpose of preventing them from exercising the aforementioned rights

7  guaranteed to him by the Constitution and laws of the State of California, in particular Civil

8  Code § 52.1.

9       64.    Indeed, Plaintiffs SERRANO, JUAREZ, and SUAREZ were, without legal

10  justification, subjected to excessive force by DULONG and DOES Officers 1-3, and each

11  of them, causing them to suffer extensive injuries.

12       65.    Pursuant to the provisions of Cal. Civ. Code §§ 52 and 52.1, Plaintiffs are

13  entitled to an award of attorneys' fees and costs according to proof at trial. Further, under

14  California Civil Code section 52(b)(2), Plaintiffs are further entitled to a civil penalty of

15  $25,000.00. Plaintiffs are also entitled to a multiplier of their damages.

16       66.    As previously stated, all of the above acts and omissions of Defendants

17  DULONG and DOES Officers 1-3 were willful, wanton, malicious, and oppressive thereby

18  justifying the awarding of exemplary and punitive damages to Plaintiffs as to said

19  defendants. As such, Plaintiff is entitled to compensatory damages according to proof,

20  including those permitted by Section 52 of the Civil Code, punitive and exemplary damages,

21  the costs of suit incurred in this action, reasonable attorney's fees as permitted by Cal. Civ.

22  Code § 52, and any other additional relief that the Court deems proper.

23  <u>**FIFTH CAUSE OF ACTION**</u>

24  **FOR VIOLATION OF THE RALPH ACT (CIVIL CODE § 51.7)**

25  **(By Plaintiffs Against All Defendants Save CHIEF ELLIS)**

26       67.    Plaintiffs incorporate by reference each of the foregoing paragraphs of this

27  Complaint with the same force and effect as if fully set forth herein.

28       68.    The present cause of action is brought pursuant to Civil Code § 51.7. The

PLAINTIFFS' COMPLAINT FOR DAMAGES

present cause of action is also brought pursuant to Cal. Gov. Code §§ 815.2 and 820. Under Section 820 of the Government Code, as public employees, DULONG and DOES Officers 1-3, inclusive, are liable for injuries caused by their acts or omissions to the same extent as private persons. Under Section 815.2 of the Government Code, as public entities, Defendant CITY is liable for injuries caused by the acts or omissions of their employees committed within the course and scope of their employment.

69.     California Civil Code § 51.7 authorizes a private right of action for damages to any person subjected to violence based on their perceived race, color, national origin, etc. Importantly, "[n]othing in the statute requires that a plaintiff prove that the offending act was motivated by hate." *Ventura v. ABM Industries Inc.* (2012) 212 Cal.App.4th 258.

70.     Plaintiffs SERRANO, JUAREZ, and SUAREZ are informed, believe, and thereon allege that Defendants DULONG and DOES Officers 1-3 immediately and unreasonably resorted to violence in the form of force, against California Law, POST guidelines and department protocol, on account of Plaintiffs' race, color, national origin, and age. Even though Plaintiffs were not committing any form of crime, Defendants DULONG and DOES Officers 1-3 leapt to the conclusion that they were a significant danger to them or others from the little information they did have, that is, the Plaintiffs' appearance.

71.     The long-established institutional association of Latinos and other communities of color with violence or crime is well-known to pervade law enforcement agencies within the Defendant CITY. People of color, like Plaintiffs, continue to account for a disproportionate number of police excessive force.

72.     Due to the fact of Plaintiffs' appearance and race, what should and could have been recognized as a young man struggling to support himself instead triggered an irrational and unconstitutional use of excessive force on the part of Defendants DULONG and DOES Officers 1-3.

73.     Upon information and belief, when Defendants DULONG and DOES Officers 1-3 attacked Plaintiffs SERRANO, JUAREZ, and SUAREZ, the substantial

PLAINTIFFS' COMPLAINT FOR DAMAGES

1 | motivating reason for Defendants' conduct was their perception of Plaintiffs' race, color,
2 | national origin, and age.

3 |     74.    As a direct result of their immediate resort to force, Defendants DULONG
4 | and DOES Officers 1-3 needlessly subjected Plaintiffs to violence, extensive civil rights
5 | violations and caused them severe physical, psychological, and emotional pain and
6 | suffering.

7 |     75.    Further, Defendants DULONG and DOES Officers 1-3 subjected Plaintiffs to
8 | cruel and unjust hardship willful and conscious disregard of their rights and safety.
9 | Therefore, the conduct of Defendants DULONG and DOES Officers 1-3 also amounted to
10 | a malicious and/or oppressive breach of duty under Cal. Civ. Code § 3294, for which
11 | Plaintiffs are further entitled to recover punitive damages under Cal. Civ. Proc. Code §
12 | 377.30, to punish and make an example of their despicable conduct.

13 | 

**SIXTH CAUSE OF ACTION**

14 | **FOR UNREASONABLE & EXCESSIVE FORCE**

15 | **(42 USC § 1983)**

16 | **(By Plaintiffs Against Defendants DULONG and DOES Officers 1-3)**

17 |     76.    Plaintiffs incorporate by reference each of the foregoing paragraphs of this
18 | Complaint with the same force and effect as if fully set forth herein.

19 |     77.    Defendants DULONG and DOES Officers 1-3, while acting under color of
20 | law, used unreasonable and excessive force against Plaintiffs SERRANO, JUAREZ, and
21 | SUAREZ in violation of their Fourth Amendment right to be free from unreasonable
22 | seizures.

23 |     78.    Absolutely no circumstances existed to justify DULONG and DOES Officers
24 | 1-3's use of force against Plaintiffs SERRANO, JUAREZ, and SUAREZ. In fact, Plaintiffs
25 | SERRANO, JUAREZ, and SUAREZ were not resisting, evading arrest, not presenting any
26 | type of threat to the safety of the officers.

27 |     79.    Even if there had been some cause to use force, DULONG and DOES Officers
28 | 1-3's spiteful and violent attack of Plaintiffs SERRANO, JUAREZ, and SUAREZ would

have nevertheless, and in fact did, exceed all bounds of objective reasonableness and necessity under the given circumstances. Therefore, DULONG and DOES Officers 1-3's attack of Plaintiffs SERRANO, JUAREZ, and SUAREZ, violated the Fourth Amendment to the United States Constitution.

80.     Furthermore, Plaintiff Plaintiffs SERRANO, JUAREZ, and SUAREZ claim that DULONG and DOES Officers 1-3 used excessive force in detaining them,

81.     As a direct and proximate result of DULONG and DOES Officers 1-3's unprovoked attacks, Plaintiffs SERRANO, JUAREZ, and SUAREZ were injured and suffered and continue to suffer severe physical pain and emotional distress.

82.     Accordingly, Plaintiffs by this action, further claims all of their attorneys' fees and costs incurred and to be incurred in Plaintiffs presenting, maintaining and prosecuting this action under 42 U.S.C. Section 1988.

83.     Defendants' willful and conscious disregard of Plaintiffs SERRANO, JUAREZ, and SUAREZ's rights and safety, if not disdain for their existence, subjected them to cruel and unjust hardship. Therefore, Defendants' conduct constitutes a malicious and oppressive breach of duty, for which Plaintiffs SERRANO, JUAREZ, and SUAREZ is entitled to recover punitive damages, in addition to compensation for their physical and emotional pain and suffering, to make an example of their despicable conduct.

## SEVENTH CAUSE OF ACTION

## FOR DEPRIVATION OF SUBSTANTIVE DUE PROCESS

### (42 USC § 1983)

**(By Plaintiffs Against Defendants DULONG and DOES Officers 1-3)**

84.     Plaintiffs incorporate by reference each of the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

85.     Plaintiffs SERRANO, JUAREZ, and SUAREZ have a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that would deprive them of life, liberty, or property in such a manner as to shock the conscience by being deliberately indifferent to the

1  constitutional rights of the Plaintiffs and/or by being a purpose to harm unrelated to any

2  legitimate law enforcement objective.

3      86.    The actions of DULONG and DOES Officers 1-3 on May 22, 2021, along

4  with other undiscovered conduct, violated the Due Process Clause of the Fourteenth

5  Amendment, shocked the conscience, and interfered with the rights of Plaintiffs, in that said

6  Defendants had time to deliberate and then used force excessive force upon Plaintiffs

7  without probable or justification.

8      87.    Indeed, as already explained herein, Defendants DULONG and DOES

9  Officers 1-3 used excessive force on Plaintiffs SERRANO, JUAREZ, and SUAREZ

10  causing severe injuries to them.

11      88.    The aforementioned conduct established that there was a purpose to harm

12  unrelated to law enforcement objectives. At the very least, Defendants DULONG and

13  DOES Officers 1-3acted with deliberate indifference to the rights of Plaintiffs SERRANO,

14  JUAREZ, and SUAREZ.

15      89.    The foregoing conduct shocks the conscience and with a purpose to harm

16  unrelated to any legitimate law enforcement objective in violation of Plaintiff's Fourteenth

17  Amendment rights.

18      90.    As a direct and proximate result of Defendants' conduct, Plaintiffs

19  SERRANO, JUAREZ, and SUAREZ was injured and has suffered and continues to suffer

20  physical harm and emotional distress.

21      91.    Plaintiff by this action, further claims all of their attorneys' fees and costs

22  incurred and to be incurred in Plaintiffs presenting, maintaining and prosecuting this action

23  under 42 U.S.C. Section 1988.

24      92.    Defendants' willful and conscious disregard of Plaintiffs SERRANO,

25  JUAREZ, and SUAREZ's rights and safety, if not disdain for their existence, subjected

26  them to cruel and unjust hardship. Therefore, Defendants' conduct constitutes a malicious

27  and oppressive breach of duty, for which Plaintiffs SERRANO, JUAREZ, and SUAREZ is

28  entitled to recover punitive damages, in addition to compensation for their physical and

emotional pain and suffering, to make an example of their despicable conduct.

## EIGHTH CAUSE OF ACTION

### FOR MUNICIPAL LIABILITY – POLICY OR CUSTOM

### (42 USC § 1983)

### (By Plaintiffs as Against Defendant CITY)

93.    Plaintiffs incorporate by reference each of the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

94.    The present cause of action is brought under 42 U.S.C. § 1983, *Monell v. Dept. of Social Services*, and all other relevant case law and precedent, under which Defendant CITY is liable by way of the policies, customs, or directives that were substantial moving forces behind Plaintiff's constitutional violations.

95.    At all relevant times, Defendants DULONG and DOES Officers 1-3 were acting in the course of their employment with the Defendant CITY, under color of law. The actions and omissions of Defendants DULONG and DOES Officers 1-3 deprived Plaintiffs SERRANO, JUAREZ, and SUAREZ of particular rights guaranteed under the laws and Constitutions of the United States and California, as set forth in the relevant, prior claims for relief.

96.    Defendant CITY was and at all times herein mentioned has been a public entity and incorporated municipality duly authorized and existing as such in and under the laws of the State of California. Defendant CITY, and its police department, possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the CITY and its tactics, methods, practices, customs and usages related to internal investigations, personnel supervision and records maintenance and the proper application of their powers of arrest by its rank and file, generally.

97.    At all times herein mentioned, Defendants DULONG and DOES Officers 1-3, and each of them, were employees of the CITY acting under the CITY's direction and control, who knowingly and intentionally promulgated, maintained, applied, enforced and suffered the continuation of policies, customs, practices and usages in violation of the

Fourth and Fourteenth Amendments respectively to the United States Constitution, which customs, policies, practices and usages at all times herein mentioned encouraged the employment, deployment and retention of persons as peace officers who have a propensity for failing to protect citizens in custody, failing to provide safe conditions of confinement, dishonesty, cover-up, bias, and numerous other serious abuses of their duties as peace officers in the employment of the CITY.

98.     On and for some time prior to May 22, 2021 (and continuing to the present date), Defendants CITY and DOES 1-10, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, and of Plaintiff, and of persons in his class, situation and comparable position in particular, knowingly maintained, enforced and applied an official recognized custom, policy, and practice of

    A. Failing to train officers that Assembly Bill 392 "creates a higher standard for the application of deadly force in California"

    B. Failing to train officers that Assembly Bill 392 only permits peace officers to use deadly force in order to defend human life;

    C. Failing to train officers to comply with the requirements of Penal Code Section 835a;

    D. Failing to train officers to understand and follow the clear distinction between objectively reasonable and deadly force standards of Subsections (b) and (c)(1) of PC 835a

    E. Enacting Policy 304 of the Pomona Police Department which is unconstitutional and illegal;

    F. Using communications from Police Officers Research Association of California (PORAC) which misstate law and the application of force; and

    G. Failing to conduct investigation into officer-involved shootings and deaths, the department which consider whether officers evaluated and used other reasonably available resources and techniques in determining whether force

PLAINTIFFS' COMPLAINT FOR DAMAGES

1    was necessary."

2    99.    The above-referenced policies, which is known to Defendant CITY, and who

3    thereby ratifies and approves of such policy, has actually led to the use of force and injury

4    of others, including Plaintiffs, by virtue CITY officers using force unconstitutionally and

5    illegally.

6    100.    By reason of the policies and practices of Defendants CITY, and DOES 6-10,

7    Plaintiffs SERRANO, JUAREZ, and SUAREZ were injured due CITY's policies and

8    procedures. These policies and practices were a substantial moving force that caused

9    Defendants DULONG and DOES Officers 1-3 to violate the rights of Plaintiffs SERRANO,

10   JUAREZ, and SUAREZ, as well as the moving force behind their injuries.

11   101.    Finally, in addition to the above-mentioned policies, on and for some time

12   prior to May 22, 2021 (and continuing to the present date), Defendants CITY and DOES 1-

13   10, acting with gross negligence and with reckless and deliberate indifference to the rights

14   and liberties of the public in general, and of Plaintiff, and of persons in his class, situation

15   and comparable position in particular, knowingly maintained, enforced and applied an

16   official recognized custom, policy, and practice of

17         A. Defendants CITY had knowledge, prior to and since this incident, of repeated

18            allegations of misconduct toward detainees and arrestees; specifically, CITY

19            knew Defendants DULONG and DOES Officers 1-3 had in the past and since

20            Plaintiffs' incident, committed similar acts of failing to protect citizens in

21            custody, failing to provide safe conditions of confinement, falsifying reports,

22            suppressing evidence, and dishonesty, thereby enabling Defendants to

23            continue to violate the constitutional rights of the Plaintiffs in 2021 and

24            thereafter;

25         B. Defendants CITY had knowledge, prior to and since this incident, of similar

26            allegations of failing to protect citizens in custody, failing to provide safe

27            conditions of confinement, falsifying reports, suppressing evidence, and

28            dishonesty by Defendants, and refused to enforce established administrative

procedures to insure the rights of detainees and arrestees;

C. Defendants CITY refused to adequately discipline individual officers and employees found to have committed similar acts of failing to protect citizens in custody, failing to provide safe conditions of confinement, and misconduct;

D. Defendants CITY refused to competently and impartially investigate allegations of failing to protect citizens in custody, failing to provide safe conditions of confinement, and misconduct alleged to have been committed by Department employees;

E. Defendants CITY reprimanded, threatened, intimidated, demoted and fired officers who courageously reported unlawful acts by other officers;

F. Defendants CITY covered up acts of misconduct and abuse by CITY officers and sanctioned a code of silence by and among officers and management;

G. Defendants CITY knew of and sanctioned the custom and practice of failing to protect citizens in custody, failing to provide safe conditions of confinement, and misconduct;

H. Defendants CITY failed to adequately supervise the actions of officers under their control and guidance;

I. Defendants CITY historically condone and encourage systemic conspiracy of silence among its employees for the purpose of concealing and further wrongful and illegal conduct by its employees; and,

J. Defendants CITY fostered and encouraged an atmosphere of lawlessness, abuse and misconduct, which by May 22, 2021, and thereafter, represented the unconstitutional policies practices and customs of the CITY.

102.     By reason and pursuant to the aforesaid policies, practices, customs, and usages of Defendants CITY, the Plaintiffs sustained general damages in an amount according to proof at trial, and Plaintiff has sustained substantial non-economic damages of pain and suffering in an amount according to proof at trial.

///

103.   Defendants CITY, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above these defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Plaintiffs and Plaintiff, and other individuals similarly situated.

104.   By perpetrating, sanctioning, tolerating, and ratifying the outrageous conduct and other wrongful acts, Defendants CITY acted with an intentional, reckless, and callous disregard for the well-being of Plaintiffs and their constitutional as well as human rights. Defendants CITY and each of their actions were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

105.   Furthermore, the policies, practices, and customs implemented and maintained and still tolerated by Defendants CITY were affirmatively linked to and were a significantly influential force and moving force behind Plaintiff's damages.

106.   By reason of the aforesaid policies, customs, practices and usages, Plaintiffs' Fourth and Fourteenth Amendments to the United States Constitution were violated along with Plaintiff's Fourteenth Amendment rights. Said customs, policies, practices and usages at all times herein mentioned violated constitutional rights including those of Plaintiffs.

107.   Accordingly, Defendant CITY are liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983

## NINTH CAUSE OF ACTION

### FOR MUNICIPAL LIABILITY – FAILURE TO TRAIN

### (42 USC § 1983)

### (By Plaintiff as Against Defendant CITY)

108.   Plaintiffs incorporate by reference each of the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

109.    The present cause of action is brought under 42 U.S.C. § 1983, *Monell v. Dept. of Social Services*, and all other relevant case law and precedent, under which Defendant CITY is liable by way of the policies, customs, or directives that were substantial moving forces behind Plaintiffs' constitutional violations.

110.    Plaintiffs SERRANO, JUAREZ, and SUAREZ claims that they were deprived of his civil rights as a result of the Defendant CITY's failure to train its employees, including Defendants DULONG and DOES Officers 1-3 .

111.    At all relevant times, Defendants DULONG and DOES Officers 1-3 were acting in the course of their employment with the Defendant CITY, under color of law. The actions and omissions of Defendants DULONG and DOES Officers 1-3 deprived Plaintiffs SERRANO, JUAREZ, and SUAREZ of particular rights guaranteed under the laws and Constitutions of the United States and California, as set forth in the relevant, earlier causes of action.

112.    The CITY's training of Defendants DULONG and DOES Officers 1-3 did not adequately instill the necessary discipline, restraint, and respect for civil rights required of enforcement personnel, especially in light of the CITY's decision to continue to employ Defendants DULONG and DOES Officers 1-3 despite their failure to lawfully execute their duties as a police officers.

113.    More particularly, Defendant city failed to provide adequate training to Defendants DULONG and DOES Officers 1-3 and other deputies within the department in the following regards:

      A. Failing to train officers that Assembly Bill 392 "creates a higher standard for the application of deadly force in California"

      B. Failing to train officers that Assembly Bill 392 only permits peace officers to use deadly force in order to defend human life;

      C. Failing to train officers to comply with the requirements of Penal Code Section 835a;

      D. Failing to train officers to understand and follow the clear distinction between

PLAINTIFFS' COMPLAINT FOR DAMAGES

objectively reasonable and deadly force standards of Subsections (b) and (c)(1) of PC 835a;

E. Failing to train officers properly by virtue of enacting Policy 304 of the Pomona Police Department which is unconstitutional and illegal;

F. Failing to train officers in their communications by using communications from Police Officers Research Association of California (PORAC) which misstate law and the application of force; and

G. Failing to train officers in how to conduct investigation into officer-involved shootings and deaths, the department which consider whether officers evaluated and used other reasonably available resources and techniques in determining whether force was necessary.

114.   This failure of the CITY to provide adequate training caused the multiple violations of Plaintiffs SERRANO, JUAREZ, and SUAREZ'S constitutional rights by the DULONG and DOES Officers 1-3; that is, the CITY's failure to train is so closely related to the deprivation of Plaintiffs SERRANO, JUAREZ, and SUAREZ's rights as to be the moving force that caused his ultimate injuries.

115.   Clearly, Defendant CITY was deliberately indifferent to the obvious consequences of its failure to train its deputies adequately.

116.   Accordingly, the Defendant CITY is liable for the rights violations perpetrated by its employees, agents, representatives, or officers, including DULONG and DOES Officers 1-3, on account of the unacceptable failures in their training that precipitated the various harms set forth in all other relevant causes of action brought under 42 U.S.C. § 1983 herein.

## TENTH CAUSE OF ACTION

### FOR MUNICIPAL LIABILITY – RATIFICATION

### (42 USC § 1983)

### (By Plaintiff as Against Defendant CITY)

117.   Plaintiffs incorporate by reference each of the foregoing paragraphs of this

1    Complaint with the same force and effect as if fully set forth herein.

2        118.    The present cause of action is brought under 42 U.S.C. § 1983, *Monell v.*
3    *Dept. of Social Services*, and all other relevant case law and precedent, under which
4    Defendant CITY is liable by way of the policies, customs, or directives that were substantial
5    moving forces behind Plaintiffs' constitutional violations.

6        119.    Plaintiffs SERRANO, JUAREZ, and SUAREZ claims that they were
7    deprived of their civil rights as a result of the Defendant CITY's ratification of
8    unconstitutional conduct.

9        120.    At all relevant times, Defendants DULONG and DOES Officers 1-3  were
10   acting in the course of their employment with the Defendant CITY, under color of law. The
11   actions and omissions of Defendants DULONG and DOES Officers 1-3 deprived Plaintiffs
12   SERRANO, JUAREZ, and SUAREZ of particular rights guaranteed under the laws and
13   Constitutions of the United States and California, as set forth in the relevant, earlier causes
14   of action.

15       121.    In its final policymaking authority, the Defendant CITY's council and
16   relevant department heads have repeatedly ratified the particular conduct causing the rights
17   violations described herein in which the CITY and final policy makers ratified not following
18   the requirements of Assembly Bill 392 and the amendment to Penal Code Section 835a.

19       122.    Specifically, the CITY has and continues to ratify the departmental decisions
20   and outcomes relating to the following unconstitutional conduct:

21            A. Failing to fully comply with Assembly Bill 392 "creates a higher standard for
22               the application of deadly force in California"

23            B. Failing to fully train officers to comply with the requirements of Penal Code
24               Section 835a;

25            C. Failing to fully train officers to understand and follow the clear distinction
26               between objectively reasonable and deadly force standards of Subsections (b)
27               and (c)(1) of PC 835a

28            D. Failing to fully  train officers properly by virtue of enacting Policy 304 of the

PLAINTIFFS' COMPLAINT FOR DAMAGES

Pomona Police Department which is unconstitutional and illegal;

E. Failing to fully train officers in their communications by using communications from Police Officers Research Association of California (PORAC) which misstate law and the application of force; and

F. Failing to fully train officers in how to conduct investigation into officer-involved shootings and deaths, the department which consider whether officers evaluated and used other reasonably available resources and techniques in determining whether force was necessary.

123.   Accordingly, the Defendant CITY is liable for the rights violations perpetrated by its employees, agents, representatives, or officers, including Defendants, as well as for the various harms set forth in all other relevant causes of action brought under 42 U.S.C. § 1983 herein, on account of its continued and unequivocal ratification of the conduct precipitating those rights violations

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs pray for judgment against Defendants as follows:

A. For general damages, including but not limited to physical, mental, and emotional pain and suffering in an amount to be determined according to proof at trial;

B. For compensation of Plaintiff's associated medical costs;

C. Plaintiff ROBERT SERRANO III seeks damages in an amount no less than One Million Dollars ($1,000,000);

D. Plaintiff AMADO F. SUAREZ seeks damages in an amount no less than One Million Dollars ($1,000,000);

A. Plaintiff JOSE LUIS JUAREZ seeks damages in an amount no less than One Million Dollars ($1,000,000);

B. For punitive and exemplary damages as to the individual defendants in an amount to be determined according to proof at trial;

C. For penalties and the reasonable costs and attorneys' fees incurred in bringing this suit, as authorized under Civil Code § 52;

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

D. For the reasonable costs and attorneys' fees incurred in bringing this suit, as authorized under 42 USC § 1983;

E. For prejudgment interest pursuant in an amount to be determined according to proof at trial.

F. For all other damages allowed under state and federal law; and

G. For such further relief as the Court may deem proper and just.

Dated: December 22, 2022           LAW OFFICES OF FRANCISCO A. SUAREZ

By: /s/ Francisco A. Suarez
Francisco A. Suarez, Esq.
Attorney for Plaintiffs

Dated: December 22, 2022           THE LAW OFFICES OF CHRISTIAN CONTRERAS
A PROFESSIONAL LAW CORPORATION

By:
Christian Contreras, Esq.
Attorney for Plaintiffs

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury on all claims for relief.

Dated: December 22, 2022           LAW OFFICES OF FRANCISCO A. SUAREZ

By: /s/ Francisco A. Suarez
Francisco A. Suarez, Esq.
Attorney for Plaintiffs

Dated: December 22, 2022           THE LAW OFFICES OF CHRISTIAN CONTRERAS
A PROFESSIONAL LAW CORPORATION

By:
Christian Contreras, Esq.
Attorney for Plaintiffs